UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEROIC ERA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> EVONY, LLC, et al., <br><br> Defendants. | CASE NO. 2:10-CV-02062-MJP <br><br> ORDER ON MOTION TO QUASH |

This matter comes before the Court on Plaintiff's motion to quash. (Dkt. No. 1.) Having reviewed the motion, the opposition (Dkt. No. 11), the reply (Dkt. No. 13), and all related papers, the Court reserves ruling on the merits and TRANSFERS the motion to the Northern District of California.

**Background**

In copyright litigation pending in the Northern District of California, Case No. CV-102458-SBA, Plaintiff Heroic Era, Ltd. ("Heroic Era") seeks a declaration that its online computer game Caesary does not infringe on a similar game developed by Defendants Evony, LLC and Regan Mercantile, LLC (collectively "Evony"). (Dkt. No. 1 at ¶¶ 3–5; Dkt. No. 11. at

ORDER ON MOTION TO QUASH- 1

2.) As part of pre-suit settlement negotiations, Evony agreed to share part of its code, and analysis identifying similarities in Caesary's code, with Heroic Era's counsel Newman & Newman, Attorneys at Law LLP ("Newman & Newman"). (Dkt. No. 1 at ¶¶ 7–8; Dkt. No. 12 at ¶ 3.) Evony contends that Newman & Newman provided this information to Heroic Era in violation of a nondisclosure agreement, and seeks to depose a representative of Newman & Newman. (Dkt. No. 1 at 13–15; Dkt. No. 12 at ¶¶ 6–7.) Evony obtained a subpoena for testimony and production of documents from this Court under Case. No. C10-0245-SBA. Heroic Era filed this motion to quash on Dec. 15, 2010.

## Analysis

A. <u>The Court That Can Best Determine the Subpoena's Propriety Should Decide the Motion</u>

Heroic Era seeks an order to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii). Because the Northern District of California can best determine the propriety of the underlying subpoena, the Court reserves ruling and transfers the motion to the Northern District of California.

Rule 30 allows "any person, including a party" to be deposed. Fed. R. Civ. P. 30(a)(1). Attorneys are not shielded from deposition "simply because [they are] counsel in a given matter." <u>FMC Techs., Inc. v. Edwards</u>, No. C05-946C, 2007 WL 836709, at *7 (W.D. Wash., Mar. 15, 2007) (citing <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986)). But because "depositions of opposing counsel are disruptive to the adversarial process and should be allowed only in limited circumstances," <u>United States v. Hansen</u>, 233 F.R.D. 665, 668 n.1 (S.D. Cal. 2005), the party seeking deposition of opposing counsel bears the burden of proving the deposition's propriety, <u>FMC</u>, 2007 WL 836709 at *7.

      1.    <u>The underlying court can best apply the test for deposition of counsel</u>

1  The Eighth Circuit set out a three-part test for deposition of opposing counsel in Shelton. 805 F.2d at 1327. District courts in the Ninth Circuit "have uniformly followed the Eighth Circuit when analyzing whether to permit the deposition of counsel." DiLorenzo v. Costco Wholesale Corp., 243 F.R.D. 413, 415 (W.D. Wash. 2007). Both parties assume the Shelton test applies. (Dkt. No. 1. at 5–7; Dkt. No. 11 at 7–12.) In order to depose counsel, the Shelton test requires that the information sought be (1) unobtainable through other means than deposing opposing counsel, (2) relevant and non-privileged, and (3) crucial to the preparation of the case. 805 F.2d at 1323.

Applying Shelton requires determinations this Court is poorly situated to make. Deciding the first prong necessitates determining if information sought from Newman & Newman can be obtained from Heroic Era or a third party in the underlying case. Evony has already served Heroic Era with discovery it claims should elicit the information, and obtained leave to compel responses unless Heroic Era provided further responses. (Dkt. No. 11-4 at 2–3.) Whether any of the "panoply of affiliate companies working in China and in other countries" with Heroic Era are practicable sources of information likewise turns on the conduct of the parties during the course of litigation. (Dkt. No. 11 at 9.) Whether Evony can compel (or has compelled) the information from Heroic Era, or the identity and availability of other witnesses, is a determination the underlying court can best make. The second and third prongs of Shelton require familiarity with the case's underlying merits. Whether the information sought from Newman & Newman is "crucial" or instead would have little effect on the course of the case, should be determined in light of the respective strengths of the parties' cases. This, too, is a determination best made by the underlying court.

2.  Transfer is the proper remedy

1  No court within the Ninth Circuit has decided whether Rule 45 motions may be transferred. See IO Group, Inc. v. Does 1–9, No. C10-03851 SI, 2010 WL 5071605, at *3–4 (N.D. Cal., Dec. 7, 2010). However, the Eighth and Tenth Circuits and district courts in the Fourth and Second Circuits have read Rule 45 to allow transfers of motions to quash. See United States v. Star Scientific, 205 F. Supp. 2d 482, 485 n.4, 487 (D.Md. 2002). In Star Scientific, the District of Maryland considered transferring a Rule 45 motion proper, when the court of underlying litigation was "plainly better situated to resolve the discovery dispute." 205 F. Supp. at 487–88 (quoting In re Sealed Case, 141 F.3d 337, 343 (D.C. Cir. 1998) (Henderson, J., concurring)).

Here, applying the Shelton test to Evony's subpoena will require weighing the overall course and merits of the case. A determination of the propriety of the subpoena may affect the case's ultimate outcome. Because the Northern District of California is uniquely qualified to resolve the dispute, comity counsels transferring the motion to the Northern District of California.

B.  Procedural Issues Do Not Compel Denying the Motion

Two procedural issues do not bar transfer. Heroic Era failed to comply with Local Rule CR 7(d) in noting the motion, and did not specifically address the subpoena's document requests—which Evony claims waived further objections. Because Evony filed a substantive opposition instead of moving the Court to change the noting date, they have not been prejudiced by the improper noting. Heroic Era's motion to quash under Rule 45 attacks the entire subpoena, without need to reference specific elements. The result of the motion is reserved for the Northern District of California.

**Conclusion**

Resolution of Heroic Era's motion to quash requires consideration of both the merits of the parties' arguments and the course of the case's litigation. Because ruling on the motion requires familiarity with the case as a whole, the Northern District of California is "more plainly suited" to deciding it than a court whose involvement with the case begins and ends with issuing a subpoena. The Court orders Heroic Era's motion to quash and for attorney's fees TRANSFERRED to the Northern District of California.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 27th day of January, 2011.

Marsha J. Pechman
United States District Judge